NOT DESIGNATED FOR PUBLICATION

WIL III

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0095

JAMAL TAYLOR

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY & CORRECTIONS

*Judgment Rendered:* **NOV 1 2 2020**

\*\*\*\*\*\*\*\*

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit No. 680260, Sec. 24

The Honorable Donald R. Johnson, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Jamal Taylor<br>Rayburn Correctional Center<br>Angie, Louisiana | Plaintiff/Appellee<br>In Proper Person |
| Elizabeth B. Desselle<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant<br>Louisiana Department of Public<br>Safety & Corrections |

\*\*\*\*\*\*\*\*

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

McClendon, J. Dissents and assigns reasons.

**LANIER, J.**

This is an appeal from a trial court judgment ordering the appellant, Louisiana Department of Public Safety and Corrections (LDPSC) to pay costs associated with a petition for a writ of mandamus which was filed by the appellee, Jamal Taylor. We issue this memorandum opinion pursuant to Rule 2-16.1(B) of the Uniform Rules of the Louisiana Courts of Appeal and affirm the trial court.

Mr. Taylor, an inmate in the custody of LDPSC, filed a petition for writ of mandamus on March 1, 2019, claiming that LDPSC had not timely responded to his application for an administrative remedy procedure (ARP).[1] Mr. Taylor was housed at Winn Correctional Center (Winn) at the time, which had contracted with LDPSC to house its inmates. Mr. Taylor requested that LDPSC "produce the required administrative responses and documents that will exhaust his administrative remedies," and that all costs of the proceeding be assessed to LDPSC.

On April 24, 2019, LDPSC filed a motion to dismiss Mr. Taylor's petition for failure to exhaust all administrative remedies. LDPSC further argued that Mr. Taylor's petition was premature since LDPSC received the ARP on February 7, 2019, and the 90-day delay to respond had not yet lapsed as of the date of the petition's filing.[2]

At a hearing on May 21, 2019 before the 19th JDC, it was established that LDPSC had responded to Mr. Taylors' ARP on April 30, 2019, and that Mr.

---

[1] The nature of Mr. Taylor's complaint was that he was denied time credit for a Certified Treatment and Rehabilitation Programs class in which he participated.

[2] Department Regulation No. B-05-005 applies to LDPSC offenders housed in a non-LDPSC facility. The regulation states, in pertinent part:

> A [LDPSC] offender housed in a non-[LDPSC] facility with a complaint that relates to time computation, requests for transfer, or transitional work program requests should submit his grievance to [LDPSC] Headquarters Internal Affairs. A representative from Headquarters Internal Affairs shall respond to the offender within 90 days. If the offender is not satisfied with the response, he may file suit in the 19th Judicial District Court.

2

Taylor had received a copy of that response. LDPSC filed a notice of compliance with the trial court, attaching its response to Mr. Taylor's ARP, which granted the relief that he had requested.

The Commissioner of the 19th JDC issued a screening report on September 19, 2019, acknowledging LDPSC's resolution of Mr. Taylor's ARP request and declaring the issue before the trial court moot. The Commissioner recommended that the petition for a writ of mandamus be dismissed without prejudice at LDPSC's costs since the response to the ARP was issued after the petition for a writ of mandamus was filed. The trial court signed a judgment that adopted the Commissioner's recommendations and dismissed the petition for a writ of mandamus without prejudice at LDPSC's cost. LDPSC appealed the portion of judgment that cast it with costs.

This court has very recently issued an opinion in *Terry Reed v. Louisiana Department of Public Safety and Corrections*, 2020-0091 (La. App. 1 Cir. 11/2/20), ___ So.3d ___, which contained a very similar fact pattern to the instant case. In *Reed*, the plaintiff was an inmate of LDPSC housed at Winn when he filed an ARP due to an alleged computation error of his release date. The plaintiff subsequently filed a petition for a writ of mandamus to compel LDPSC to respond to his ARP in order to exhaust his administrative remedies. LDPSC filed a motion to dismiss the petition, arguing that the plaintiff had not yet exhausted his administrative remedies, but the plaintiff then filed a motion for voluntary dismissal of the petition, claiming that LDPSC had complied with his request.

At a hearing before the trial court, the petition for a writ of mandamus was declared moot due to LDPSC's compliance with the plaintiff's request. The Commissioner recommended that the plaintiff's petition be dismissed as moot and that LDPSC be cast with costs. LDPSC appealed the judgment, arguing the trial court was in error to cast it with costs.

We found in *Reed* that the trial court has broad discretion in how it decides to apportion the costs of the proceeding among the parties, and the trial court may apportion those costs in whichever proportion it deems equitable, even against a party who prevailed on the merits. We further note in the Commissioner's report in *Reed* that it was observed by the Commissioner that numerous mandamus suits have been filed in which LDPSC timely responded to the ARP, but the petitioner was justified because Winn took several months to forward the ARP to LDPSC for review.

In the instant case, Winn allegedly received Mr. Taylor's ARP on December 10, 2018, and forwarded it to LDPSC on December 15, 2018; however, LDPSC claims it did not receive the ARP until February 7, 2019. LDPSC did not respond to Mr. Taylor's ARP until April 30, 2019, 141 days after Mr. Taylor's grievance was accepted by Winn.

In *Reed*, a total of 147 days had elapsed from the time Winn accepted the plaintiff's grievance until LDPSC issued a response. While we acknowledge that Winn is not a party to the instant action, and neither the trial court nor this court have the authority to cast Winn for costs, we also acknowledge that the trial court has great discretion in assessing costs to whichever party in a way that is equitable. In viewing the ongoing inequities of inordinately slow responses to ARPs going between Winn and LDPSC, we can certainly find no abuse of discretion in the trial court's casting of costs entirely to LDPSC, when no fault at all can be imputed on the plaintiff for the prolonged delay in LDPSC's addressing of grievances.

All costs of this appeal are assessed to the Louisiana Department of Public Safety and Corrections.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0095

JAMAL TAYLOR

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., dissenting.**

I respectfully disagree with the majority for the reasons set forth in my dissent in

**Reed v. Louisiana Department of Public Safety and Corrections**, 20-0091 (La.App. 1 Cir. 11/2/20), ___ So.3d ___.